Filed 5/7/15  Nezami v. Poladian CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MOHAMMAD NEZAMI, | D065349 |
| Plaintiff, Cross-Defendant, and Appellant, | |
| v. | (Super. Ct. No. 37-2011-00057305-CU-BC-NC) |
| ABRAHAM POLADIAN, | |
| Defendant, Cross-Complainant, and Respondent; | |
| JACQUELINE POLADIAN, | |
| Defendant and Respondent. | |


APPEALS from a judgment and an order of the Superior Court of San Diego

County, Robert P. Dahlquist, Judge.  Affirmed.

Mohammad Nezami, in pro. per., for Plaintiff and Appellant.

Christopher R. Savage for Defendants and Respondents.

I.

INTRODUCTION

Mohammad Nezami executed a promissory note in favor of respondent Abraham Poladian (Abraham) in the amount of $473,000. Nezami and Abraham both executed a promissory note in the amount of $1.02 million and a deed of trust in favor of respondent Jacqueline Poladian (Jacqueline) on a ranch (the Ranch) that Nezami and Abraham owned. At the time the notes were executed, Nezami and Abraham were business partners. Nezami filed this action against respondents, seeking to avoid his obligation to pay Abraham and to prevent foreclosure on the Ranch by Jacqueline. Abraham filed a cross-complaint in which he sought enforcement of the note. After a bench trial, the trial court entered judgment in favor of respondents on Nezami's claims and in favor of Abraham on his cross-claim. The trial court also entered an order awarding respondents attorney fees based on attorney fee provisions in the promissory notes and deed of trust.

Nezami, appearing in propria persona, appeals from the judgment and the attorney fee order. On appeal, Nezami claims that two attorneys and the defendant had a "conflict of interest" in light of the facts of this case; the trial court had several "misunderstandings" as to "what actually happened"; the trial court's factual findings are "not reasonable"; the trustee sale of the Ranch was conducted illegally; Abraham's cross-complaint is barred by the single action doctrine in light of Jacqueline's foreclosure on the Ranch; and the trial court failed to reasonably apportion respondents' request for

2

attorney fees with respect to claims for which fees were recoverable and those for which fees were not recoverable.

Without exception, all of Nezami's claims are premised, in whole or in significant part, on assertions concerning the facts of the underlying case. However, Nezami has failed to include in the record on appeal any of the reporter's transcripts for the bench trial of the case. Without reporter's transcripts, this court is unable to assess the veracity of Nezami's factual assertions. It is well established that "[w]here no reporter's transcript has been provided . . . the judgment must be *conclusively presumed correct* as to *all evidentiary matters.*" (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) This principle is fatal to all of Nezami's claims on appeal and requires this court to affirm the judgment.[1]

---

[1] At oral argument, Nezami stated that he was seeking "justice." When the court informed Nezami that it could not evaluate the claims raised in his brief without a reporter's transcript of the proceedings in the trial court, Nezami explained that he did not have sufficient funds to obtain a reporter's transcript. This court is sympathetic to the plight of litigants whose financial circumstances preclude them from obtaining a reporter's transcript. Nevertheless, we are constrained by rules of appellate procedure, which require that we presume the judgment to be correct and preclude reversal unless the appellant establishes error resulting in manifest injustice. For the reasons explained in the text, the record in this case is not adequate to permit us to address the claims that Nezami asserts on appeal. Nezami has thus not met his burden as an appellant to demonstrate reversible error. Accordingly, we are compelled to affirm the judgment.

3

II.

FACTUAL AND PROCEDURAL BACKGROUD[2]

Nezami and Abraham jointly owned the Ranch. In 2010, while Nezami and Abraham were trying to sell the Ranch, Nezami signed a promissory note in favor of Abraham for $473,000, as part of a negotiated compromise related to prior debts that Nezami owed to Abraham.

A mortgage on the Ranch was also coming due in 2010 and the lender was unwilling to make a new loan to Nezami and Abraham. In order to avoid foreclosure by the existing lender, Abraham asked his mother, Jacqueline, for a loan to pay off the existing lender. Jacqueline agreed, and in connection with the loan, Nezami and Abraham executed a promissory note for $1.02 million in favor of Jacqueline secured by a deed of trust on the Ranch.

Nezami filed this action in 2011. In the operative first amended complaint, Nezami asserted seven causes of action for: (1) breach of fiduciary duty; (2) declaratory relief; (3) accounting; (4) constructive fraud; (5) civil conspiracy; (6) injunctive relief; and (7) constructive trust. It appears from the trial court's statement of decision that the first four causes of action were alleged against Abraham and were premised on claims

---

[2]    We base our factual and procedural background on the trial court's statement of decision, stating the facts in the light most favorable to respondents. (See, e.g, *Hub City Solid Waste Services, Inc. v. City of Compton* (2010) 186 Cal.App.4th 1114, 1129 [" 'We view the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences and resolving all conflicts in its favor.' "].)

4

arising out Nezami and Abraham's business dealings related to the Ranch, including the enforceability of the $473,000 note. The latter three causes of action appear to have been directed primarily at avoiding Jacqueline's foreclosure on the Ranch.[3]

Abraham brought a cross-complaint in which he asserted six causes of action against Nezami: (1) breach of fiduciary duty; (2) misappropriation and conversion of monies; (3) accounting; (4) fraud; (5) declaratory relief; and (6) breach of contract, pertaining to the $473,000 promissory note. At trial, Abraham abandoned all but his breach of contract claim.

After a bench trial, the trial court found in favor of respondents on all of Nezami's claims. The trial court also found in favor of Abraham on his cross-complaint for breach of contract premised on the promissory note. The court entered judgment against Nezami on his claims, and in favor of Abraham in the amount of $535,317.65 on his cross-claim, comprised of $473,000 in damages and $62,317.65 in prejudgment interest. In addition, the court entered an order awarding respondents attorney fees in the amount of $216,056.25 based on attorney fee provisions in both promissory notes and in the deed of trust, and also awarded respondents costs in the amount of $19,731.61.

Nezami appeals from the judgment and the attorney fee order.

---

[3]     Neither the original nor the first amended complaint is in the record.

III.

DISCUSSION

*The judgment and attorney fee order are presumed correct and Nezami's unsupported factual assertions do not demonstrate any reversible error*

Nezami seeks reversal of the judgment and the attorney fee order on numerous grounds as outlined in part I., *ante*.

A.      *Governing law*

"Our review is governed by well-settled principles.  As with any civil appeal, we must presume the judgment is correct, indulge every intendment and presumption in favor of its correctness, and start with the presumption that the record contains evidence sufficient to support the judgment." (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1251.)  "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.*  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain, supra,* 75 Cal.App.4th at p. 992.)

"When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys. . . .  Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney." (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126.)

6

B.    *Application*

As discussed below, each of Nezami's appellate claims is premised, in whole or in part, on assertions concerning the facts of the underlying case.  However, because Nezami has not included any of the reporter's transcripts of the trial, and there is no error apparent on the face of the appellate record that Nezami has provided, he cannot prevail on any such claims.  (*Estate of Fain, supra,* 75 Cal.App.4th at p. 992.)

First, Nezami claims that two purported "conflicts of interest" of attorneys involved in the case merit reversal of the judgment.  Nezami contends that the trial court erred in permitting Attorney Deborah Zoller to testify at trial because she had previously performed work on Nezami's behalf.  Without a copy of the reporter's transcript we are unable to determine the significance of Attorney Zoller's testimony, and thus may not reverse the judgment on this ground.  Nezami also claims that respondents' attorney, Christopher Savage, had a conflict of interest because he represented both Abraham and Jacqueline.  In support of this contention, Nezami makes numerous assertions about the facts of the underlying case such as, "In May 2012, Mr. Savage told Nezami if he moved out of the property Abraham (not Jacqueline) would agree to [postpone] the foreclose [*sic*] . . . ."  Even assuming that Nezami has standing to raise this argument, we cannot assess the validity of such assertions without a reporter's transcript.  Accordingly, Nezami is not entitled to reversal of the judgment based on any purported conflicts of interest.

7

Next, Nezami contends that "there are several misunderstandings by [the trial court] in regard[s] to what actually happened" concerning a failed attempt to sell the Ranch. Again, Nezami makes numerous factual assertions, including a series of contentions about various e-mails presented at trial and Nezami's employment with a prospective purchaser of the Ranch. Without a reporter's transcript to assess the validity and significance of these factual assertions, Nezami is not entitled to reversal of the judgment based on the trial court's purported misunderstandings surrounding the failed attempt to sell the Ranch.

Nezami also contends that the trial court's factual findings are "not reasonable" with respect to Nezami's theory that he was pressured into signing the promissory notes. This contention is premised on numerous factual assertions such as, "Abraham told Nezami that he will not cooperate [in] selling the [R]anch . . . and will not cooperate to get a loan" and "Nezami never had spoken to Jacqueline since 2007 and never asked her for a loan and was not involved in the negotiations with terms and conditions of the loan." Again, Nezami's arguments are based on unsupported factual assertions, and his claim is foreclosed given the absence of a reporter's transcript.

Nezami also contends that the trustee sale on the Ranch was conducted illegally. This argument is based on numerous factual assertions without citations to the appellate record and, thus, Nezami is not entitled to reversal on this ground.

Nezami also claims that Abraham's cross-complaint is barred by the single action rule in light of Jacqueline's foreclosure. This claim appears to be based on Nezami's

8

theory that Jacqueline's promissory note and Abraham's promissory note were actually one note. Nezami argues, "Jacqueline's action was Abraham's actions and vice versa." (Underscore omitted.) Without a reporters' transcript we cannot assess the validity of this argument.

Finally, Nezami contends that the trial court failed to reasonably apportion respondents' request for attorney fees with respect to claims for which fees were recoverable and those for which fees were not recoverable. In its attorney fee order, the trial court noted that it had "presided over multiple hearings and motions" and an "eight-day bench trial," and stated that it based its apportionment of recoverable fees on the court's intimate knowledge of the case. In the absence of a reporter's transcript, this court lacks any basis on which to reverse the court's apportionment. Accordingly, Nezami is not entitled to a reversal of the attorney fee order.

IV.

DISPOSITION

The judgment and attorney fee order are affirmed. Respondents are entitled to costs on appeal.

9

                                    _____
                                                    AARON, J.

WE CONCUR:


_____
        NARES, Acting P. J.


_____
        McDONALD, J.

10